IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **TERRI SUE JUDKINS,**<br><br>            Plaintiff,<br><br>v.<br><br>**ANDERSON DRILLING, INC., and LONNIE TERRY,**<br><br>            Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:12CV421DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on cross motions for partial summary judgment. On November 12, 2014, the court held a hearing on the motions. At the hearing, Plaintiff was represented by Austin B. Egan, and Defendants were represented by Mary Jane E. Galvin-Wagg and Jackie Bosshardt. Having fully considered the memoranda submitted by the parties and the law and facts relevant to these motions, the court enters the following Memorandum Decision and Order.

BACKGROUND

Defendant Anderson Drilling is company specializing in construction of foundation elements and earth retention systems. Anderson hired Plaintiff Terri Sue Judkins in March 2009. In 2009, Anderson was involved in a pipeline project in Utah and it hired Judkins to work on that project.

1

Between April and August 2009, Judkins alleges that she was subjected to sexual assault and sexual harassment while working for Anderson. Judkins alleges several incidents of sexual harassment, many of which but not all were by allegedly by Defendant Terry, one of Judkins' supervisors. Judkins also alleges that such conduct was known to other supervisors and workers at Anderson. Terry denies any of the alleged conduct. And, other workers testified in depositions that they were unaware of such conduct. The parties also dispute whether Judkins reported any of these incidents and/or reported any of these incidents to the correct person.

The parties agree, however, that a coworker lifted and rocked a portable outhouse while Judkins was using it, causing the contents to splash on Judkins. The incident occurred on September 1, 2009, and Judkins complained of the incident the next day. Anderson investigated the incident and terminated the coworker.

Judkins alleges that on September 2, 2014, Terry promised her that she would be the last person laid off upon the project's completion. At that time, the project was drawing to a close. Anderson laid off nine employees on September 4, 2009, and Judkins was one of those employees. Judkins alleges that she was terminated for reporting the sexual harassment.

Judkins alleges that she continues to suffer emotional distress from the harassment she suffered while working for Anderson. Judkins testified that she continues to suffer from severe anxiety, loss of confidence, and impaired ability to work and socialize.

Anderson maintains a sexual harassment policy forbidding sexual harassment. The parties dispute whether the policy was given to Judkins when she started working for Anderson. Judkins testified that she never received the policy. At the time of Anderson's 30(b)(6) deposition, Anderson's witness, Lisa Kosmicky, testified that new hires do not receive their first

paycheck unless the paperwork stating they have received the policy is completed. However, Kosmicky testified that they were moving offices and they had not been able to locate Judkins' form. But, because of the practice not to allow employees to get paid, she testified that Judkins' must have received a policy and filled out a form acknowledging receipt of the form because Judkins was getting paid.

After the close of discovery and during the briefing of these motions, Anderson disclosed Judkins' form acknowledging receipt of the policy. Judkins argues that the form is a forgery and was submitted too late. Because of the dispute as to whether Judkins received the anti-harassment policy, there is a dispute as to whether Judkins knew to whom she was to make a sexual harassment complaint. The parties also dispute the frequency with which Anderson trained its employees on sexual harassment. Judkins testified that she did not receive such training. However, other Anderson employees testified that they received various types of training.

## DISCUSSION

Most of Plaintiff's claims are not at issue in either dispositive motion before the court. Defendants' Motion for Partial Summary Judgment raises only the issue of whether Plaintiff's intentional infliction of emotional distress claim can be stated against Defendant Lonnie Terry, one of Judkins' supervisors who allegedly sexually harassed her.[1] Plaintiff's Motion for Partial Summary Judgment seeks an order disposing of Defendant's *Ellerth/Faragher* affirmative defense to vicarious liability for Title VII sexual harassment.

---

[1] The parties agree that Judkins cannot state a claim against Anderson, her employer, for intentional infliction of emotional distress.

**Defendants' Motion for Partial Summary Judgment**

Defendants argue that Judkins' claim for intentional infliction of emotional distress against Defendant Terry is preempted by the Utah Workers' Compensation Act ("WCA") or the Utah Antidiscrimination Act ("UADA"). Under Utah law, a claim for intentional infliction of emotional distress requires a plaintiff to demonstrate: (1) the defendant's conduct was outrageous and intolerable; (2) the defendant intended to cause or recklessly disregarded the likelihood of causing emotional distress; (3) the plaintiff suffered emotional distress; and (4) the defendant's conduct proximately caused the plaintiff's emotional distress. *Retherford v. AT&T*, 844 P.2d 949, 970-71 (Utah 1992)

The WCA "relieves employers of any common law liability for injuries sustained by an employee 'on account of any accident or injury or death' that is 'contracted, sustained, aggravated, or incurred by the employee in the course of or because of or arising out of the employee's employment.'" *Helf v. Chevron U.S.A., Inc.,* 2009 UT 11 ¶ 16. However, an employee may "bring a tort claim against his [or her] supervisor for injuries sustained when the supervisor intentionally caused" the injury. *Id.* ¶ 18.

The Utah Supreme Court discussed the intentional injury exception in detail in *Helf*. The court emphasized that "the 'intent to injure' standard distinguishes between intentional acts resulting in unknown or unexpected injuries, which are covered under the Act by workers' compensation, and intentional acts resulting in known or expected injuries, which fall within the intentional injury exception." *Id.* ¶26. The court explained that "an act is not accidental if the result was expected and anticipated, even if the actor subjectively hoped that injury would not occur." *Id.* at ¶28.

In *Helf*, the court addressed a claim brought against the employer because the district court had allowed the claim against the other defendants to proceed. The parties in this case agree that there is not evidence to support a claim against Anderson under the WCA. However, as to the claim against Terry, several questions of material fact preclude entry of summary judgment. In *Retherford v. AT&T*, 844 P.2d 949, 962 (Utah 1992), the Utah Supreme Court allowed an intentional infliction of emotional distress claim to stand in a sexual harassment case. The court found that "the conduct generally labeled sexual harassment is outrageous and intolerable and, when performed with the requisite intent, satisfies the elements of the tort of intentional infliction of emotional distress." *Id.* at 978. *Retherford* is still good law and has been affirmed in *Cabanes v. Thomas*, 2010 UT 23. In *Cabanes*, the Utah Supreme Court found that there was a question of fact as to whether a pattern of abusive, intimidating, and harassing behavior by a supervisor constituted intentional infliction of emotional distress.

In relying on *Retherford*, Judge Waddoups in this District ruled that there was a jury question as to all the elements of an intentional infliction of emotional distress against a supervisor. *James v. Frank's Westates Servs.*, 747 F. Supp.2d 1264, 1277-79 (D. Utah 2010). As in this case, the supervisor denied that the harassment occurred. The court reasoned that for the alleged harasser "to argue that the conduct was not outrageous and intolerable is only to beg the question of the underlying harassment, which the court believes a reasonable jury could find." *Id.*

If the court views the facts in the light most favorable to Judkins, the court concludes that Judkins can meet the elements for an intentional infliction of emotional distress claim. As found in *Retherford*, the alleged acts of sexual harassment are outrageous and intolerable. Also, as

5

explained in *Helf*, the alleged conduct was done with the legal intent to cause harm whether or not Terry subjectively intended to cause injury. Terry's subjective motivation is not relevant. A jury could find that Terry acted with reckless disregard of the likelihood of causing emotional distress. In addition, Judkins testified that because of Terry's conduct she continues to suffer from severe anxiety, loss of confidence, and impaired ability to work and socialize. The jury will need to determine what conduct actually occurred and what resulted from that conduct. The court, therefore, finds no grounds for precluding Judkins' claim based on the WCA.

Next, Defendants assert that Defendants argue that Judkins' intentional infliction of emotional distress claim against Terry is preempted under the Utah Antidiscrimination Act ("UADA"). Defendants argue that the UADA is an employee's "exclusive remedy under state law" for discrimination claims arising out of a person's employment and is not limited to claims against employers. *See* Utah Code Ann. § 34A-5-107(15). While Defendants are correct that the UADA prohibits both employers and employees from engaging in harassment or discrimination, *see id.* § 34A-5-106(1)(a) and (e), they make no attempt to explain the number of cases allowing a claim for intentional infliction of emotional distress to proceed against a co-worker.

Based on the cases from Utah court and this District, there is no case law support for Defendants' argument that the UADA preempts an intentional infliction of emotional distress claim against the alleged harasser rather than the employer. Moreover, Judkins cannot bring a UADA claim against Terry. She can only bring a UADA claim against her employer, Anderson. Therefore, the court finds no basis for Defendants' argument that the UADA preempts Judkins' claim against Terry. Accordingly, the court denies Defendant's motion for partial summary judgment.

**Plaintiff's Motion for Partial Summary Judgment**

Judkins seeks a partial summary judgment disposing of Anderson's *Ellerth/ Faragher* affirmative defense to vicarious liability for Title VII sexual harassment.  If an employee is sexually harassed by a supervisor while at work, an employer can avoid vicarious liability by proving two elements: "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer to avoid harm otherwise." *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765 (1998).  Whether the actions of the employer or employee were reasonable "is itself a jury issue unless no reasonable jury could decide it in the [movant's] favor." *Kramer v. Wasatch Cnty Sheriff's Office*, 743 F.3d 726, 746 (10th Cir. 2014).

The parties agree that Judkins reported the outhouse incident, it was promptly investigated, and the responsible coworker was terminated.  Therefore, the issue is limited to the other alleged incidents of sexual harassment.

Judkins claims that Anderson did not provide her with its policy against sexual harassment and how to complain of sexual harassment and also did not provide training on either topic.  Thus, Judkins argues that, under the first prong of *Ellerth/Faragher*, Anderson cannot prove that it exercised reasonable care to prevent sexual harassment.

Defendants, however, argue that there is evidence that Anderson took reasonable care to prevent harassment in the workplace.  Other witnesses testified that Anderson maintained and disseminated written anti-harassment and anti-discrimination policies.  Although late, Anderson located Judkins' form acknowledging receipt of the policy.  Anderson's employee testified that

7

she knew there was a form somewhere because Judkins would not have received her first paycheck with out completion of such documentation.  In addition, several Anderson employees testified of training on anti-discrimination and anti-harassment policies.  Anderson employees further testified that Anderson's anti-harassment policies were posted at the job site.  Viewing this evidence in the light most favorable to Anderson, the nonmovant, a jury could reasonably conclude from this evidence that Anderson took reasonable efforts to prevent sexual harassment.

Judkins objects to Anderson's submission of the form after the close of discovery. However, based on the 30(b)(6) deposition, Judkins was on notice that Anderson was searching for the form and that it knew there was such a form.  Anderson consistently took the position that Judkins had signed a form.  Therefore, there should have been no surprise when it was found. The court finds no prejudice to Judkins as a result of the disclosure of the form even though it occurred during the briefing of these motions.  However, the court will allow Plaintiff to take a follow up 30(b)(6) deposition prior to trial.

In addition, Judkins claims that the form is a forgery.  Anderson provided a declaration from the employee who had Judkins fill out the form stating that he remembers he filling out the form.  The court also notes that the signature looks like Judkins' other signatures that are in the record.  Therefore, there is a question of fact as to whether the document is a forgery and the parties can pursue the issue at trial.[2]

Under the second prong of the defense, Judkins argues that Anderson cannot identify any

---

[2] Because the issue arose during the briefing of the motions, the court will allow both parties to take limited discovery on this issue prior to trial.  Plaintiff can depose Gavin Henry regarding the form and Defendants can do a follow up deposition of Judkins limited solely to the issue of her signature.

facts which prove that Judkins failed to take advantage of preventative or corrective opportunities. Judkins asserts that she reported the episodes of sexual harassment to the only two supervisors who were not harassing her. Under these circumstances, Judkins argues that she acted reasonably as a matter of law.

Anderson, however, argues that disputed facts remain as to whether Plaintiff acted reasonably. First, Anderson denies that any harassment occurred other than the outhouse incident. Terry denies any of the alleged conduct. Other Anderson employees testified that they did not harass Judkins, did not observe Terry or other employees harass Judkins, and had never heard of Judkins' allegations until she filed an EEOC charge. The affirmative defense is unnecessary unless and until Judkins establishes that harassment occurred.

In addition, Judkins and Jim Reed both testified that Jim Reed observed Terry touching Judkins' buttocks on one occasion, but Judkins told Reed not to do or say anything about the incident. Anderson asserts that this is evidence a jury could consider to determine that Judkins acted unreasonably. Anderson also contends that when Judkins reported the outhouse incident, she did not report any of the other alleged conduct. Therefore, even if other incidents occurred, Anderson argues that Judkins unreasonably failed to report the conduct.

The court concludes that when the evidence is viewed in the light most favorably to Defendants, there is sufficient evidence to allow the *Ellerth/ Faragher* affirmative defense to go to the jury. Disputed facts with respect to whether the alleged harassment occurred, whether Judkins received the anti-harassment policy and sexual harassment training, and whether Judkins reasonably reported the alleged harassment preclude summary judgment. Accordingly, the court denies Judkins' motion for partial summary judgment.

## CONCLUSION

Based on the above reasoning, Defendants' Motion for Partial Summary Judgment is DENIED and Plaintiff's Motion for Partial Summary Judgment is DENIED.

DATED this 25th day of November, 2014.

BY THE COURT:

DALE A. KIMBALL
United States District Judge