Andrew W. Stavros (8615)
Austin B. Egan (13203)
**STAVROS LAW P.C.**
11693 South 700 East, Suite 200
Draper, Utah 84020
Tel: (801) 758.7604
Fax: (801) 893.3573
andy@stavroslaw.com
austin@stavroslaw.com
*Attorneys for Plaintiff Terri Sue Judkins*

**IN THE UNITED STATES DISTRICT COURT IN AND FOR
THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| TERRI SUE JUDKINS, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> ANDERSON DRILLING, INC., a California Corporation, and LONNIE TERRY, an individual, <br><br> Defendants. | **PLAINTIFF'S MOTION IN LIMINE** <br><br> Case No. 2:12-cv-00421-DAK <br><br> Judge Dale A. Kimball |

Plaintiff Terri Sue Judkins, by and through her attorneys of record, submits this Motion in Limine.

**INTRODUCTION & SUMMARY**

Plaintiff Terri Sue Judkins ("Judkins") asserts claims against Anderson Drilling, Inc. ("Anderson") for Title VII sexual harassment, discrimination, and retaliation. Judkins also asserts state law tort claims against Defendant Lonnie Terry ("Terry") for assault and battery and intentional infliction of emotional distress. Judkins' allegations arise out of multiple episodes of harassing and degrading conduct that occurred on a construction job site known as the PTTP

1

Project.

During Judkins' deposition, the following exchange took place:

Q:      "Did you ever have a romantic or sexual relationship with anyone at Anderson?"

A:      "Yes."

Q:      "And with who?"

[Objection was made on the grounds of relevance]

Q:      "And I don't care about details. I'm just interested in names."

A:      "I had a relationship with Jim [Reed]. When I found out Jim was married, the relationship was over."

(See pp. 105-106 of Ms. Judkins' deposition, attached hereto as Exhibit 1)

Jim Reed ("Reed") was a foreman that worked on the same jobsite (the PTTP project) as Judkins and Defendant Terry, and Judkins reported multiple episodes of sexual harassment[1] to Mr. Reed.

Through this motion, Judkins seeks to pre-emptively exclude any references to or questions regarding Judkins' "relationship" with Reed. At trial, Defendants intend on referring to this relationship in their attempt to impeach Mr. Reed (to show bias). The relationship testimony is irrelevant and prejudicial. Any probative value of such testimony is substantially outweighed by the confusing and misleading effects it will have on the jury. (Fed. R. Evid. 403). The jury should not hear such testimony, and the testimony should be excluded before trial begins.

---

[1] To be clear, Judkins is not alleging that Reed harassed her. Judkins is alleging she was subjected to harassment from Defendant Terry and other Anderson employees, including Edgar Sanchez, Mark Foos, Moki Markus, and Cholla Walker. Judkins is alleging that she reported this harassment to Mr. Reed and to Richard Jordan.

## ARGUMENT

I.   **THE RELATIONSHIP TESTIMONY IS IRRELEVANT**

To be relevant, evidence must have a tendency to make a fact more or less probable, and the fact must be of consequence in determining the action. Fed. R. Evid. 401. At trial, Judkins carries the burden of proving she was subjected to unwelcome, severe, and pervasive sexual harassment. Judkins does not allege and has not alleged that she was ever harassed by Mr. Reed. Instead, Judkins is alleging that other Anderson employees routinely made sexually harassing and degrading comments, that other employees touched, groped, and fondled her, and that she had an outhouse tipped over on her. Any consensual relationship Judkins had with Reed is entirely irrelevant to proving that Judkins was or was not subjected to unwelcome sexual harassment from Defendant Terry, Edgar Sanchez, Mark Foos, Cholla Walker, or any other Anderson Drilling employees.

The Seventh and Tenth Circuits have adroitly noted: "A person's private and consensual sexual activities do not constitute a waiver of his or her legal protections against unwelcome and unsolicited sexual harassment at work." *Ammons-Lewis v. Metro. Water Reclamation Dist.*, 488 F.3d 739, 746 (7th Cir. 2007) (quoting *Winsor v. Hinckley Dodge, Inc.*, 79 F.3d 996, 1001 (10th Cir. 1996)). Simply stated, Judkins' relationship with Reed is irrelevant to the claims and defenses in this case.

II.   **THE RELATIONSHIP TESTIMONY IS HIGHLY PREJUDICIAL**

Defendants will likely argue that questioning Reed about his relationship with Judkins will be for purposes of impeachment (bias). Even if that is the case, the prejudicial effects of the relationship substantially outweigh its probative value. Relevant evidence may be excluded on

3

the grounds that its probative value is substantially outweighed by a danger of unfair prejudice, confusion, misleading the jury, wasting time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. "Unfair prejudice" within its context means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." See Advisory Committee Notes to Fed. R. Evid. 403.

If the jury is allowed to hear about the "relationship" with Reed, there is a substantial danger the jury will confuse that relationship with the conduct Judkins was subjected to on the jobsite—the daily ridicule about her buttocks and breasts and the frequent touching and groping from Mr. Terry. The relationship with Reed will potentially mislead the jury into thinking that Judkins consented to the lurid behavior from Mr. Terry and others. This is precisely the type of unfair prejudice Rule 403 is meant to exclude.

The prejudicial effects that the relationship testimony would have on the jury substantially outweigh any probative value associated with showing Mr. Reed's alleged bias. Accordingly, the Court should exclude any reference to the relationship at trial.

## CONCLUSION & REQUEST FOR RELIEF

For the reasons set forth above, Plaintiff Terri Sue Judkins respectfully requests that the Court grant this Motion in Limine and prohibit Defendants from questioning Reed or Judkins about their relationship.

Respectfully submitted on this the 29th day of December, 2014.

                                      STAVROS LAW P.C.

                                      /s/ Austin B. Egan
                                      Austin B. Egan
                                      *Attorney for Plaintiff Terri Sue Judkins*

## CERTIFICATE OF SERVICE

      I certify that on December 29, 2014, I filed the foregoing PLAINTIFF'S MOTION IN LIMINE using the CM/ECF system, which sent automatic notification of the same to:

    Mary Jane Galvin-Wagg
    Florence Vincent
    Jackie Bosshardt
    VAN COTT, BAGLEY, CORNWALL & MCCARTHY, P.C.
    36 South State Street, Suite 1900
    Salt Lake City, Utah 84111

                                      /s/ Austin B. Egan
                                      Austin B. Egan