_____

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

_____

| | |
|---|---|
| **TERRI SUE JUDKINS,** | |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | Case No. 2:12CV421DAK |
| **ANDERSON DRILLING, INC., and LONNIE TERRY,** | Judge Dale A. Kimball |
| Defendants. | |

_____

This matter is before the court on pretrial motions in limine filed by both parties. On January 20, 2015, the court held a hearing on the motions. At the hearing, Plaintiff was represented by Andrew W. Stavros, and Defendants were represented by Florence M. Vincent and Jackie Bosshardt. Having fully considered the memoranda submitted by the parties and the law and facts relevant to these motions, the court enters the following Memorandum Decision and Order.

## 1.   Defendants' Motion in Limine

Defendants seek leave to admit the report and testimony of a forensic handwriting expert at trial and to serve limited discovery related to Plaintiff's handwriting. During the briefing on the motions for summary judgment, Defendants produced a document allegedly signed by Plaintiff acknowledging receipt of Anderson Drilling's policies and training materials. Plaintiff objected to the form on the grounds of timeliness and claimed that the document was a forgery.

In its Memorandum Decision and Order on the motions for summary judgment, the court

ruled that the form was admissible because Anderson had consistently taken the position that the document existed and that it was looking for the form but that it had been unable to find it due to an office move.  The existence of the form, therefore, was not a surprise.

Anderson also included a declaration from an employee stating that he remembered Plaintiff filling out the form.  Plaintiff, however, denied ever signing it and claims it is a forgery.   Because Plaintiff did not claim that the form was a forgery until the reply memorandum in support of her motion for summary judgment, all the dates for retaining an expert and conducting expert discovery relating to handwriting had already passed.

Defendants argue that allowing them to obtain more handwriting samples from Plaintiff and having a forensic handwriting expert opine on whether the signature is a forgery would assist the jury.   Plaintiff, however, contends that Defendants' request is untimely.  At the hearing on the motions in limine, Defendants admitted that the proposed discovery for more original samples of Plaintiff's signature is moot.  With respect to engaging expert witnesses, Defendants proposed that they could submit an expert report by Friday, January 23, 2015, and call their expert at the end of trial to allow Plaintiff to call a rebuttal expert.  Trial begins Tuesday January 27, 2015, and is scheduled to take four days.  Plaintiff states that with other trial demands, she does not have time to engage an expert.

The court concludes that there is insufficient time before trial for the parties to engage in expert discovery.  One week does not provide time for the parties to exchange reports and be prepared to call or defend against newly engaged expert witnesses before a jury.  While an expert may have provided some assistance to the jury, there is already sufficient evidence relating to the issue in the record.  There are sample signatures that the parties can ask the jury to look at and there

is witness testimony.  The jury can decide between the credibility of the Anderson employee who says he can remember Plaintiff signing the form and Plaintiff.  Anderson also has a 30(b)(6) witness who states that it was company policy that Plaintiff would not have been paid if she did not have a signed form in the record.  While that evidence does not necessarily indicate that Plaintiff signed it, it relates to the importance Anderson placed on having the document signed.  Given the other evidence available on the issue, Anderson will not be prejudiced by not having a handwriting expert at trial.  Accordingly, the court denies Defendants' motion in limine.

## 2. **Plaintiff's Motion in Limine**

Plaintiff seeks to exclude from trial any reference to her consensual sexual relationship with Jim Reed, one of her supervisors and one of the witnesses testifying as to whether she reported incidents of sexual harassment.  Defendants argue that the fact of the relationship relates to the credibility of Reed's testimony and potential bias.

Plaintiff claims that she reported numerous incidents of alleged sexual harassment to various supervisors during her employment with Anderson.  These supervisors included Richard Jordan, Don Simonson, Moki Markos, Mark Foos, and Lonnie Terry.  Of these six, only four were deposed.  Of the four who were deposed, two denied all of Plaintiff's allegations.  Mark Foos, testified that he recalled seeing Lonnie Terry touch Plaintiff's hair.  Jim Reed corroborated some of Plaintiff's claims.  Several other Anderson employees were deposed and all of these employees disputed Plaintiff's claims.  Thus, Reed is the only witness to corroborate any of Plaintiff's sexual harassment claims.

Reed is not available to testify at trial.  However, the parties intend to enter portions of his deposition into evidence.  During his deposition, Reed refused to testify as to a relationship with Plaintiff, but Plaintiff testified to the sexual relationship with Reed in her deposition.  Therefore,

3

Defendants would be required to use portions of Plaintiff's deposition to impeach Reed.

Plaintiff argues that the relationship is not relevant under Rule 401 of the Federal Rules of Evidence. Plaintiff does not allege that she was ever harassed by Reed, and she asserts that her consensual relationship with Reed is irrelevant to the unwelcome treatment she received from other employees. Even if Defendants question Reed's credibility for purposes of impeachment, Plaintiff argues that the prejudicial effects of the relationship substantially outweighs its probative value under Rule 403 of the Federal Rules of Evidence. Plaintiff claims that if the jury is allowed to hear about Plaintiff's relationship with Reed, there is a substantial danger the jury will confuse that relationship with the unwanted conduct and mislead the jury into thinking that Plaintiff consented to the lurid behavior of the others.

While the consensual relationship between Reed and Plaintiff is in no way an element of Plaintiff's claims, the fact that she had the affair with Reed is relevant to the impact it might have on Reed's testimony. Reed is the only witness to testify that he saw Lonnie Terry slap Plaintiff on the buttocks. In evaluating Reed's testimony, the jury must consider Reed's veracity and motivation for giving such testimony. Having elected to have a jury hear and decide her claims, Plaintiff cannot cherry-pick relevant facts and substitute her judgment for the jury's. Depriving Defendants of the opportunity to challenge the credibility of such a pivotal witness would unfairly prejudice Defendants and exceed the intended purpose of Rule 403.

Rule 403 does not require a blanket exclusion of the evidence. Defendants do not intend to use the evidence to impugn Plaintiff's character or suggest that Plaintiff welcomed the allegedly unwanted harassment. The testimony is sought only with respect to Reed's credibility. A jury is adept enough to distinguish between a consensual sexual relationship and non-consensual harassment. To prevent any potential prejudice to Plaintiff, the court will give the jury a limiting

instruction explaining that it can consider the evidence of the consensual relationship between Reed

and Plaintiff only for purposes of evaluating the credibility of Reed's testimony and motivations he

may have for giving such testimony and for no other purposes.  The court will give the instruction at

the time that the testimony is presented to the jury.  Accordingly, the court finds no basis for

excluding the fact that Plaintiff had a consensual sexual relationship with Reed.  Therefore,

Plaintiff's motion in limine is denied.

## CONCLUSION

Based on the above reasoning, Defendants' Motion in Limine is DENIED and Plaintiff's

Motion in Limine is DENIED.

DATED this 21st day of January, 2015.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge